IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | | |
|---|---|---|
| MARSHALL HUNN<br>    Plaintiff | § § § | |
| vs. | § § | Civil Action No._____ |
| DAN WILSON HOMES, INC.<br>    Defendant | § § § | |
| DAN WILSON<br>    Defendant | § § § | |
| BEN J. LACK<br>    Defendant | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1.   Plaintiff, Marshall Hunn, by his attorney, files this action for infringement of federal copyrights, for unfair competition under the Lanham Act and for supplemental and related claims that arise out of the same facts, circumstances and transactions as the federal law claims.

**JURISDICTION AND VENUE**

2.   This is an action for copyright infringement under the provisions of 17 U.S.C. §§101 et. seq., for unfair competition under the provisions of 15 USC § 1125(a), for breach of a confidential & fiduciary relationship, for breach of a covenant not to solicit customers and wrongful inducement thereof, and for interference with business arrangements and wrongful inducement thereof and for a conspiracy to accomplish the foregoing.

3.   This Court has jurisdiction over the subject matter of this action by virtue of 28 USC 1331 and 1338(a and b), 15 U.S.C. §1121, 28 U.S.C. §§ 1367 and by virtue of prior

1

copyright registrations under the provisions of 17 U.S.C. § 411(a).

4. This Court has personal jurisdiction over the Defendants for the reasons that 1) they are residents of this State and this District, 2) they have committed infringement of copyrights duly and validly issued by the Library of Congress, said infringement occurring in this state and in this district and 3) they have committed acts of unfair competition proscribed by the Federal Lanham Act within this state and in this district.

5. Venue is proper in this District pursuant to the provisions of 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

**PARTIES**

6. Plaintiff, Marshall Hunn, is an individual residing at 6013 116th Street, Lubbock, Texas 79424 and is doing business as a sole proprietorship under the assumed name of Hunn Designs located at 12402 Slide Road, Suite 203, Lubbock, Tx 79424.

7. Defendant Ben J. Lack is an individual residing at 5806B 96th Street, Lubbock, Tx. 79424.

8. Defendant, Dan Wilson Homes, Inc. is a corporation chartered under the laws of the State of Texas and has a principal place of business at 6102 82nd Street, Unit 13A, Lubbock, Tx 79464.

9. Defendant, Dan Wilson is an individual residing at 4602 103rd Street, Lubbock, Tx 79424, and is a controlling shareholder of Dan Wilson Homes, Inc. On belief, Dan Wilson has had and continues to have a direct financial interest in Dan Wilson Homes, Inc. and has caused, induced and/or materially contributed to the copyright and trademark infringing activities alleged herein and who further induced, caused and/or materially participated and/or contributed to Defendant Lack's breaches of his fiduciary relationship to Plaintiff Hunn.

## STATEMENT OF FACTS
## COMMON TO ALL CLAIMS

10. Plaintiff Marshall Hunn is and has been in the business of designing residential and commercial facilities for builders and contractors in Lubbock County under the trade name Hunn Designs since about January of 2007.

11. On or about June 22, 2010, Plaintiff Hunn engaged the Defendant Lack as an employee to prepare architectural plans for residential structures for customers of his business. The parties entered into an "at will" employment contract with an attached covenant not to solicit business, a copy of which is attached as Exhibit 1 hereto. Pursuant to the contract, Defendant Lack was engaged as the "lead draftsman" for the Hunn business and was entrusted with the duties of supervision of the drafting and production department, computer aided design (CAD) standards and installation, management of specific clients, sales assistance and design services on an as-needed basis. As part of the engagement, Defendant Lack agreed not to solicit, either directly or indirectly, business from customers of Hunn Designs for a period of two years after termination of his employment. The very nature of the services to be rendered by Defendant under the contract required that Plaintiff Hunn provide Defendant Lack with confidential information and trade secrets such as access to all computer files, digital Computer Aided Design files (CAD files) for each residence and commercial facility design, working drawings during the design process, list of customers, billings, etc.

12. Plaintiff Hunn trusted and relied upon Defendant Lack to perform the duties set forth above. In addition, Plaintiff Hunn became impressed with Defendant Lack's skills and abilities, and, on May 2, 2011 he provided Defendant with an increase in salary and entrusted him with greater responsibilities, *i.e.*, the responsibility to manage and further develop the

3

residential architectural design business of Hunn Designs. Defendant Lack agreed and accepted that additional responsibility which permitted the Plaintiff, Marshall Hunn to focus on the commercial design business.

13. As an employee and during the term of his employment, Defendant Lack had a confidential relationship with Plaintiff Hunn and was a fiduciary with a position of trust and confidence towards Plaintiff Hunn. As such, Defendant owed Plaintiff Hunn the following confidential and fiduciary duties and obligations:

   a. The duty not to compete with his principal either on his own account or for another;

   b. A duty of loyalty, a duty of fair dealing, in good faith and solely in his employer's interest;

   c. A duty to deal openly and with full disclosure of all matters affecting Hunn's business;

   d. A duty not to solicit Hunn's customers;

   e. A duty not to take Hunn's property including his igital Computer Aided Design files (CAD files) and other trade secrets or to use them contrary to Hunn's interest.

14. Pursuant to the non-solicit clause of his employment agreement with Plaintiff Hunn, Defendant Lack had a further, agreed duty not to solicit business from or undertake same with any customers serviced by him or other customers of Hunn for a period of two years subsequent to his employment with Plaintiff Hunn. See Exhibit 1, attached hereto.

15. One of the customers to whom Defendant Lack was to provide residential designs and architectural works was Dan Wilson Homes, Inc. who had become a customer of Plaintiff

Marshall Hunn on or about March, 2010 well prior to the employment of Defendant Lack by Plaintiff.

16. Contrary to and in conflict with his obligations as a trusted employee of Plaintiff Hunn, Defendant Lack, on October 5, 2011, advised the Plaintiff that he had discussed employment with Dan Wilson as an in-house designer for Defendant Dan Wilson Homes, Inc. He further stated that the compensation for such employment was to be six figures and that he had to seriously consider the job for the benefit of his family.

17. On Thursday, October 6, 2011, Plaintiff Hunn contacted Defendant Dan Wilson who, contrary to the communication of Defendant Lack, stated that the latter was starting his own company to compete against Hunn Designs. Defendant Wilson further stated that Defendant Lack would finish up all of the Dan Wilson Homes, Inc. projects presently existing under contract with Hunn Designs.

18. At about the same time, Plaintiff's spouse and office manager, Christy Hunn became concerned about the files for the six pending contracts with Defendant Dan Wilson Homes, Inc. and discovered they were missing. The pending contracts were:

Job No. 2011-133 McGee Residence with an expected revenue of $3,935;

Job No. 2011-134 Brown Residence with an expected revenue of $4,528;

Job No. 2011-137 Wilson Showcase Home with an expected revenue of $4,375;

Job No. 2011-138 Jeffers Residence with an expected revenue of $6,091;

Job No. 2011-139 Bradley Residence with an expected revenue of $5,625;

Job No. 2011-140 Scott Residence with an expected revenue of $4,687, the total expected revenue from these jobs being $29,241.

19. On Monday morning, October 10, Ms. Hunn asked Defendant Lack if he had

those files and, in light of his affirmative response, she directed him to return them to the office of Hunn Designs immediately. Defendant did return paper file folders which contained paper drawings and notes pertaining to the above six contracts which appeared to be in various stages of development. Plaintiff was unable to ascertain the completeness of the files as such had been exclusively entrusted to Defendant Lack.

20. On the same morning, Defendant Lack further advised Plaintiff Hunn that he did not want to compete with Hunn Designs, but the opportunity to work with Defendant Dan Wilson Homes, Inc. involved too much money to pass up and that his family came first. He then removed his personal drawings and his personal belongings from the offices of Plaintiff Hunn and did not return.

21. Plaintiff Hunn, nevertheless compensated Defendant Lack as an employee through the entirety of the prior pay period ending on October 7, 2011 and Defendant Lack accepted such compensation acknowledging that he was an employee through that date.

22. On October 11, Christy Hunn hand delivered to the offices of Defendant Wilson and Defendant Wilson Homes, Inc. a letter drafted by an attorney for Plaintiff Hunn to further advise Defendants of the improprieties of their actions and of their anticipated copyright infringement, a copy of the letter being attached hereto as Exhibit 2. A copy of the letter was emailed to Defendant Lack. The letter repeatedly requested Defendants to immediately seek the advices of their attorneys in regards to these matters and to have them contact Plaintiff's counsel in regards thereto "as soon as possible." For months, they chose not to do so.

23. Later, on the same day, Defendant Wilson came to the office of Plaintiff Hunn to discuss the matter. At that time, Plaintiff Hunn again advised Defendant Wilson that Defendant Lack had executed an agreement not to solicit his customers and that Hunn Designs would

complete the projects as agreed. However, Defendant Wilson advised that he would pay Hunn Designs the amount he felt was owed on the work performed to that date and that Defendant Lack would complete the projects of Dan Wilson Homes, Inc.

24. At that same meeting, Christy Hunn advised Defendant Wilson that the existing drawings were the property of Plaintiff Hunn, that they were protected by copyright and that such could not be altered used, or printed without Plaintiff Hunn's permission—permission that was never given. Defendant Wilson responded that the matter could be settled either "the easy way or the hard way—and he did not care which." He then departed.

25. On or about October 24 and in spite of the notices of improprieties of Defendants, Defendant Wilson visited the office of Hunn Designs and acknowledged that Defendant Lack had retained copies of residential designs made by Defendant Lack while employed by Hunn on behalf of Defendant Dan Wilson Homes, Inc. under one or more of the above identified contracts. He further advised that Defendants Dan Wilson and/or Dan Wilson Homes, Inc. were working together with Defendant Lack to finalize the plans and that some alterations had been made. Again, at this meeting, Christy Hunn advised Defendant Wilson that neither he nor Defendant Lack should have a copy of these plans and that they had no right to alter the plans under federal copyright law.

26. On belief, the plans taken and retained by former employee Defendant Lack comprised proprietary electronic Computed Aided Design files (CAD files) which constituted Plaintiff Hunn's trade secrets and copyrighted architectural plans—plans that Defendant Lack failed to return and which he misappropriated for and to the joint use and benefit of Defendants Lack, Wilson and Dan Wilson Homes, Inc.

27. These misappropriated architectural plans had been created as a "work for hire"

by Defendant Lack acting within the scope of his employment with Marshall Hunn. As a result, and as a matter of law, all copyrights vested in Plaintiff Marshall Hunn as the author pursuant to 17 U.S.C. §201 and, to this date, he has transferred no property right and granted no license to Defendants to use them. Moreover, pursuant to 17 U.S.C. § 106 (2) only Plaintiff Hunn had and continues to have the exclusive rights to prepare derivative works from such plans.

28.   The architectural drawings and the CAD files contained information which was developed in Plaintiff Hunn's business at a substantial cost of time, labor, skill and money. As such, they were property rights of Plaintiff Hunn. In addition, the CAD files were trade secrets maintained in secrecy and intended to be permanently maintained as trade secrets because they contained layering and other computer operable features that facilitate manipulation and derivations of their contents. As CAD files, they provided Plaintiff with a substantial advantage over competitors or potential competitors who did not have them. Only the printouts of the final design were intended to be surrendered to the client and/or used at the U.S. Copyright Office to obtain federal registration of the final architectural plans as provided by 17 U.S.C. §§ 101 and 102 (8).

29.   On information and belief, the three Defendants, Lack, Wilson and Dan Wilson Homes, Inc. well prior to the termination of Defendant Lack's termination of employment with Plaintiff Hunn, had jointly developed and/or adopted the common design, intention, and/or purpose to assist and cooperate in purloining Hunn's existing CAD files, his rights under the Copyright laws of the United States for the Wilson projects initiated by Defendant Lack during the course of his employment with Plaintiff Hunn and such enabled Defendant Lack to use those files to complete the architectural plans of the Wilson contracts subsequent to termination of his employment with Plaintiff Hunn and on his own behalf and independently of Plaintiff Hunn

and/or Hunn Designs.

30. On information and belief, Defendants Wilson, Dan Wilson Homes, Inc. and Lack used the plans that had been improperly retained to complete the architectural plans of at least four of the homes whose design was under contract to Plaintiff Hunn.

31. The foregoing use of said CAD files was in breach of Defendant Lack's confidential and fiduciary obligations to Plaintiff Hunn, i.e., his duty not to compete with his principal either on his own account or for another; his duty of loyalty, and fair dealing in good faith and solely in his employer's interest, his duty not to solicit Plaintiff's customers, his duty not to take and use Plaintiff's files for his own interest and the interest of Defendant's Wilson and Wilson Homes, Inc. and in breach of his covenant not to solicit Plaintiff's customers.

32. The forgoing use of such files by Defendants also provided Defendants with a competitive advantage unburdened by the cost and expense that Plaintiff Hunn had invested in the product and such resulted in commercial damage to Plaintiff Hunn and the loss of business.

33. Thereafter, Defendant Dan Wilson and/or Dan Wilson Homes, Inc. submitted at least four of the misappropriated plans and/or derivative works of said misappropriated plans to the City of Lubbock with a request that building permits be issued for said plans. The plans submitted contained a logo of Q Home Designs, the telephone number of Defendant Lack, the name and address of Dan Wilson Homes, Inc and the following statement:

> "These plans are the property of Q Home Designs and are not to be reproduced, traced, or reused without the permission of Q Home Designs."

The drawings do not contain any reference to Hunn Designs or to his copyrights.

34. The foregoing submission of the plans to the City of Lubbock bearing the above statement and the names of Defendants Dan Wilson Homes, Inc. and Q Home Designs was false, constituted a false designation of origin of the plans and such is likely to cause confusion,

9

mistake or to deceive the City of Lubbock and others as to the origin, sponsorship or approval of Defendants' services and commercial activities in violation of the federal law provisions of 15 U.S.C. §1125(a) (Sec 43(a) of the Lanham Act). This false designation of origin and assertion of ownership was so deliberate, willful and unconscionable as to make this case an exceptional case entitling Plaintiff to his costs and reasonable attorney fees and to a further remedy that ensures that Defendants will not repeat their course of conduct.

35. In response to Defendants' request for building permits and the submission of the drawings, the City of Lubbock issued building permits to Dan Wilson Homes Inc. for at least four of the homes for which Hunn Designs had been requested to prepare, said homes being more fully identified below:

| Plan | Lubbock Permit No. |
|---|---|
| Bobby & Lacy Brown Residence | 1-FR 157267 |
| Nat McGee Residence | 1-FR 157537 |
| Wilson, Dan Showcase Home | 1-FN 156099 |
| Bradley Residence | 1-FR-156555 |

36. Thereafter, Defendants commenced construction of at least three residences using the copyrighted architectural plans of Plaintiff Hunn and/or derivatives thereof and such constitutes an infringement of Plaintiff Hunn's property rights in the drawings and his copyrights that were protected under 17 U.S.C. §102 which subsisted upon fixation in a reproducible medium.

37. Defendants had been given explicit notice that such construction would constitute infringement of the rights of Plaintiff Hunn and was in violation of the Architectural Copyright Protection Act of 1990 by Mr. Hunn, by Ms. Christy Hunn and in writing by Plaintiffs' counsel who, on October 10, 2011, also suggested that Defendants have their counsel contact Plaintiff's Counsel.

38.   Pursuant to the provisions of 17 U.S.C. §408 and prior to the commencement of this action, the Library of Congress issued federal registrations to Plaintiff Hunn on four architectural plans that had been prepared by Defendant Lack during his employment with Plaintiff Hunn—plans he had left in the digital CAD files or paper files of Plaintiff at the time of his departure, said federal registrations of which are set forth in the following table.

| Certificate No | Reg. Date | Title of Certificate | City Building Permit No and Site Location |
|---|---|---|---|
| VAu1-086-266 | 01/17/2012 | Brown Residence | 1-FR 157267<br>11104 Kline Street<br>Lubbock, TX |
| VAu1-091-305 | 02/17/2012 | McGee Residence | 1-FR 157537<br>10705 Orlando<br>Lubbock, TX |
| VAu1-091-304 | 02/17/2012 | Wilson Showcase Home | 1-FN156099<br>4416 103rd Street<br>Lubbock, TX |
| VAu 1-086-253 | 01/17/2012 | Jeffers Residence | 11201 Norfolk<br>Lubbock, TX |

39.   The foregoing acts and activities of the Defendants, acting independently and in concert, has irreparably injured Plaintiff Hunn's business, his financial conditions and adversely impaired his business and property rights and has further resulted in substantial financial damage.

## COUNT I, INFRINGEMENT OF US COPYRIGHTS

## IN VIOLATION OF 17 U.S.C. §§101 ET SEG.

40. The foregoing acts of Defendants and each of them constitutes copyright infringement, contributory and inducement of copyright infringement in violation of 17 U.S.C. §501; said activities were knowingly and intentionally performed with full knowledge of the Plaintiff's rights under the copyright statutes, and were willful, committed in bad faith and in total disregard of Plaintiff's rights or with gross negligence of Plaintiff's rights under the Copyright statutes. Moreover, Defendants Dan Wilson and Lack, due to their participation, have vicarious liability for said infringement.

## COUNT II, UNFAIR COMPETITION

## IN VIOLATION OF 15 USC § 1125 (A)

41. Defendants, in the course of their activities as set forth above and in submitting the architectural plans and drawings to the City of Lubbock, knowingly induced, participated in and/or caused or materially aided, abetted and contributed to a likelihood of confusion, or mistake, or deception as to the source, origin, sponsorship, approval or certification of said plans and drawings in violation of 15 USC § 1125.

## COUNT III, BREACH OF CONTRACT

42. Defendant Dan Wilson Homes, Inc. breached its contracts for the preparation of architectural design of the six residences identified in paragraph 18 of this complaint with Plaintiff Hunn and has damaged and deprived Plaintiff of the promised income.

## COUNT IV, BREACH OF CONFIDENTIAL AND FIDUCIARY RELATIONSHIPS

## AND MISAPPROPRIATION OF TRADE SECRETS

43. The activities of Defendant Lack as set forth above constitute breaches of his

numerous confidential and fiduciary duties to Plaintiff Hunn under his at-will employment agreement. In addition, Defendants Dan Wilson and Dan Wilson Homes, Inc., knowingly participated in, induced and jointly aided and abetted Defendant Lack's breaches of his confidential and fiduciary duties by one or more of the following activities: 1) by encouraging him to set up his own business in competition with Plaintiff, 2) by misappropriating the secret electronic digital CAD files belonging to Plaintiff so as to complete said architectural plans and improperly use those files to infringe and to derive therefrom the final plans for homes to be built by Defendant Wilson Homes, Inc., 3) by offering him a compensation that was in the six figures which they knew was "too much money" for Defendant Lack to pass up. In doing so, Defendants Wilson and Dan Wilson Homes, Inc. became joint tortfeasors with Defendant Hunn in breach of his confidential and fiduciary duties.

## COUNT V, BREACH OF COVENANT NOT TO SOLICIT CUSTOMERS.

44.  Defendant Lack's activities set forth above constitute a breach of his duties under his covenant not to solicit the customers of Plaintiff Hunn subsequent to termination of his employment and on information and belief, Defendants Wilson and Wilson Homes jointly and knowingly participated in and became joint tortfeasors in Defendant Lack's breaches of his covenant not to solicit customers of Plaintiff Hunn.

## COUNT VI, INTERFERENCE WITH THE CONTRACT AND BUSINESS OF PLAINTIFF HUNN

45.  Defendants Dan Wilson and Dan Wilson Homes, Inc. have interfered with and/or obstructed the business of Plaintiff Hunn by interfering with his existing "at will" employment contract with Defendant Lack and the duties owed to Plaintiff Hunn pursuant to Lack's at-will contract in that they induced him to breach one or more of his following duties, i.e., :1) his

existing duty not to compete with his principal either on his own account or for another; 2) duty of loyalty, a duty of fair dealing, in good faith and solely in his employer's interest; 3) duty to deal openly and with full disclosure of all matters affecting Hunn's business; 4) duty not to solicit Hunn's customers; 4) his duty not to take Hunn's property including his secret computer aided design files (CAD files) or his trade secrets or to use them contrary to Hunn's interest and 5) his agreed promise to further develop the residential design business of Plaintiff Hunn. Further, Defendants also interfered with said contract and Defendant's failure to honor his agreement not to solicit Plaintiff's customers upon termination of his employment with Plaintiff Hunn. In part, said interference was the offer of compensation that was in the six figures and "too much money" for Defendant Lack to pass up. Moreover, said interference was willful, intentional or committed with gross negligence and resulted in a substantial injury to the business of Plaintiff Hunn causing substantial loss of revenue and profits.

## COUNT VII, CONSPIRACY

46. On information and belief, Defendants Lack, Wilson and Dan Wilson Homes Inc. jointly agreed, had a meeting of the minds and jointly conspired to tortuously accomplish and achieve one or more of the following illegal and improper objects: 1) to interfere with Plaintiff's business, 2) to improperly breach the duties and obligations of Defendant Lack under his at-will employment contract, 3) to infringe and misappropriate his property rights under the U.S. copyright laws and the trade secret laws of the State of Texas, and 4) to make false designations of origin of the architectural plans of Plaintiff Hunn so as to cause confusion, mistake or to deceive the City of Lubbock and others as to the origin, sponsorship or approval of Defendant's services and commercial activities in violation of the federal law provisions of 15 U.S.C. §1125(a) (Sec 43(a) of the Lanham Act). As a result, Plaintiff Hunn has suffered substantial

damages for which he is entitled to compensation.

## PRAYER FOR RELIEF

Wherefore, plaintiff prays for the following and such additional relief as this Court deems just:

a. actual damages and costs of not less than $29,241 from the Defendants for breaches of contracts and for violation of the provisions of 17 U.S.C. §504 and §505;

b. disgorging all of the ill gotten gains from said copyright infringement by Defendants Dan Wilson and Dan Wilson Homes, Inc. by an award of all profits upon each residential construction that has been or is being constructed by defendants Dan Wilson and Dan Wilson Homes, Inc. as provided by 17 U.S.C. § 504.

c. an award of attorney fees for the bad faith, fraudulent and willful false designation of origin of the drawings submitted, initially to the City of Lubbock, and subsequently to the numerous subcontractors for the involved homes, said award being made pursuant to the provisions of 15 U.S.C. 1117, or alternatively, an award under the provisions of Chap. 134 of the Texas Civil Practice and Remedy Code.;

c. disgorging all of the ill-gotten gains of Defendant Lack by imposition of a constructive trust upon all proceeds and properties that Defendant Lack has received as a result of his breach of his fiduciary and confidential duty to Plaintiff Hunn and his covenant not to solicit customers of Marshall Hunn, together with issuance of a turnover order of all such assets to Plaintiff Hunn, including,

> 1) all compensation in whatever form, received directly or indirectly, by Defendant Lack from Defendants Dan Wilson Homes, Inc. and Defendant Wilson

for the period ending two years after his termination of employment with Hunn Designs;

2) all rights in architectural drawings developed by Defendant Lack at the request of Dan Wilson and/or Dan Wilson Homes, Inc., including rights arising under the federal copyright statutes 17 U.S.C. §§101 et. seq.

d. an award of lost profits of not less than $240,000 resulting from Defendants interference with Plaintiff's business and breach of the covenant not to solicit Plaintiff's customers; and

f. As a deterrent to conduct that equity condemns, or alternatively, for gross negligence an award of increased and/or exemplary and punitive damages against each of the Defendants of not less than $500;000;

g. An injunction precluding the Defendant Lack from soliciting or performing any design work for any customer of Plaintiff Hunn for a two year period commencing on the date of any preliminary or permanent injunction entered by this Court.

h. An order for the return of all digital and paper files and documents improperly misappropriated from Marshall Hunn by each of the Defendants.

h. such other and further relief as this Court deems just and equitable.

Respectfully submitted,

_____
Dorsey L. Baker
Attorney for Plaintiff
4603 Eleventh Street
Lubbock, Texas 79416
806 787-5768
Tx State Bar No. 01571000
bakerlaw@yahoo.com